[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The issue before the court is the defendant father's motion to strike a motion to modify support filed by the State of Connecticut.[1] The defendant claims, inter alia, that the motion to modify is defective because it is not signed by an attorney in violation of Practice Book § 4-2; that the "cause of action" upon which the motion is based is "invalid"; and because the motion fails to specifically identify the statute upon which it is based. The defendant also prays that "the State be order to pay sanctions" (sic). The defendant and the State have both briefed the matter. The named plaintiff mother has not independently argued the issue.
In January, 1990, the Department of Human Resources[2] commenced this paternity action, claiming that the defendant was the father of two minor children of the named plaintiff mother: Onik Gaynor, born November 25, 1979, and Jamari Gaynor, born August 31, 1986. The petition was reified in May 1990. On August 7, 1990, the court, Buzaid, C.F.S.M, entered a default paternity judgment, finding the defendant to be the father of both children, establishing support orders and fixing an arrearage to the State for past due support.
In early 1991 the support enforcement division commenced a contempt citation which was served in hand upon the defendant. He was present in CT Page 9364 court on March 27 and filed an appearance. A detailed history of the subsequent proceedings is not essential to resolution of the pending motion. Suffice it to say that the file was quite active between 1991 and 1995 including several contempt citations, motions to modify and at least one appeal. In October 1993, the court, Steele, F.S.M, modified the support order to $67.50 per week unallocated[3] and found arrearages of $790.73 to: the State and $17,037.50 to the plaintiff mother. Subsequently the defendant filed numerous motions to modify, the last of which was denied by the court, Steele, F.S.M on December 22, 1995. The pace of activity slowed but did not abate until a contempt proceeding was concluded in June 1997 before the court, Reynolds, F.S.M. No further activity appears in the file until the filing of the motion to modify that precipitated the present issue.
The present motion to modify is dated "02/01/00". The return suggests abode service upon the plaintiff mother and that a copy was sent by mail to the defendant — presumably in compliance with Practice Book § 10-14 although the certification does not specifically so state. The motion is signed: "State of Connecticut Support Enforcement Division" followed by an illegible signature of a support enforcement officer. The officer did not print his/her name below the signature. Below this entry is a printed legend listing the Attorney General, an Assistant Attorney General, a juris number and a Hartford address. Neither the Attorney General nor the listed Assistant Attorney General signed the motion.
The motion itself, after setting forth (incorrectly) the underlying orders and (correctly) the name and birthdate of the remaining child makes the following claim as the basis of the modification: "Since the above monetary orders were entered, there has been a substantial change in circumstances, due to the fact that the existing current support order deviates from the Connecticut Child Support Guidelines by at least fifteen percent." The motion also alleges a substantial arrearage to the State or plaintiff.
The motion requests the following relief:
"1. That the order for current support be modified commensurate with the ability of the DEFENDANT to pay the same.
"2. That the Court find past-due support for the said minor child (ren) pursuant to Connecticut General Statutes Section 46b-215.
"3. That a periodic payment be ordered paid by the DEFENDANT toward all past due support.
"4. That the Court consolidate past due support found pursuant to CT Page 9365 Connecticut General Statutes Section 46b-215 and any arrearages of prior court orders.
"5. That the DEFENDANT be ordered to provide medical, hospital, and dental insurance coverage for the minor child (ren) as available through employment, union or other group plan, incorporating the provisions of Connecticut General Statutes Section 46b-84 (d) (sic).
"6. That all payments for support be ordered payable to the State of Connecticut and sent to P.O. Box 30225, Hartford, CT 06150.
"7. That all payments ordered herein be enforced by wage withholding or performance bond pursuant to Connecticut Statutes Section 52-362 or46b-231."
The motion text suggests but does not state that the point of the request is to seek an increase in the support order. However, in the upper right hand corner of the first page several cryptic check-off legends appear. One of those checked is "decreased income" which suggests downward modification. One is left to surmise what the movant really seeks because the body of the motion includes only the most generic language.
 I
The defendant first claims that the motion should be stricken because the signatory on the motion was not that of an attorney in violation of Practice Book § 4-2. He also complains that the signatory failed to type or print his name under his signature as required precluding his attorney from contacting the person who signed the motion. The State counters that filing of a motion to modify over signature of a support enforcement officer is permitted under General Statutes § 46b-231 (s) and Practice Book § 25-67.
Section 4-2 of the Practice Book[4] provides in relevant part: "Every pleading and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name." The motion to modify in this case was admittedly signed by a support enforcement officer.
General Statutes § 46b-231 (s) provides authority to the support enforcement division to review support orders and to initiate and facilitate motions to modify.[5] This authority is further explicated by Practice Book § 25-67 which empowers the support enforcement division to "review child support orders . . . and initiate and facilitate" a motion to modify such orders[6] "but not advocate on behalf of either party" CT Page 9366
Neither side cited any cases to support its position. However, our Supreme Court recently addressed a similar issue. A Superior Court judge sua sponte held that social workers in the Department of Children and Families, by filing neglect and termination petitions in juvenile matters session of the court, were engaging in the unauthorized practice of law in violation of General Statutes § 51-88. In Re Darlene C.,21 Conn.L.Rptr. 761, 1998 Ct. Sup. 761 (1998). However, the Supreme Court reversed, finding that the activities of the department were permitted.In Re Darlene C., 247 Conn. 1, 717 A.2d 1242 (1998). The Court held that "the legislature has expressly authorized the commissioner to file termination and neglect petitions under § 17a-112, and General Statutes § 46b-129, respectively . . . . There is nothing in the unambiguous language of either § 17a-112 (a) or § 46b-129 (a) to suggest that, although the commissioner or her designee may file petitions thereunder, only attorneys are authorized to draft and sign such petitions. `In interpreting the language of a statute, the words must be given their plain and ordinary meaning and their natural and usual sense unless the context indicates that a different meaning was intended.' (Internal quotation marks omitted.) Mattatuck Museum-Mattatuck HistoricalSociety v. Administrator, 238 Conn. 273, 278, 679 A.2d 347 (1996)." Id., 10.
The grant of authority to support enforcement officers in General Statutes § 46b-231 (s) is similar in function to that accorded social workers under § 17a-112. Furthermore, while not attorneys, support enforcement officers are within the judicial branch of government and are officers of the court, unlike employees of the Department of Children and Families, who are in the executive branch. This court holds that the authority to "initiate" a motion to modify subsumes the ability to sign the pleadings.
As to the failure of the support enforcement officer to legibly type or print his name below his signature, the court finds that this omission violates the practice rule. However, this omission does not implicate the legal sufficiency of the pleading. Rather, this falls into the category of an "appropriate correction" in the pleading such as should be addressed by a request to revise. Practice Book § 10-35.[7] Instead of inviting the defendant to initiate another round of pleadings, the court will construe this limited portion of the defendant's motion accordingly and order the State to revise its motion by providing in typewritten or legible print the name of the officer who signed the motion.
 II CT Page 9367
The State and the defendant were at issue in their briefs as to what sections of the statutes were relied upon in the motion to modify. The body of the motion contains no statutory reference. In its brief, the State appears to cite General Statutes § 46b-231 (s) as its basis. The defendant reads the State's brief as suggesting reliance on General Statutes § 46b-215a. He then goes on to assert that the section the State should rely on is General Statutes § 46b-86 (a). He then proceeds to argue why that section is inapplicable.
They are both wrong. General Statutes § 46b-231 (s) provides authority to the support enforcement division to review support orders and to initiate and facilitate motion to modify.[8] It does not purport to provide the grounds for such modification. General Statutes §46b-215a was not specifically cited by the Attorney General's brief. That section deals with the establishment and duties of the Commission for Child Support Guidelines. It is inapplicable to establishing the grounds for modification. It is more likely that the defendant meant to reference General Statutes § 46b-215 (a) which is a lengthy section that inter alia authorizes support petitions to obtain support orders "against any person who neglects or refuses to furnish necessary support" to his spouse or child. General Statutes § 46b-215 (e) does provide for modification of support orders, but refers to a "support order entered pursuant to this section" — in other words, pursuant to a support petition.
The actual statutory section that would provide a direct basis to seek modification of the support order in this case is General Statutes §46b-171 (a). The underlying action was a paternity petition and the support orders flow from the judgment rendered thereon. While the language of this section[9] and of other sections authorizing modification of support orders are substantially similar, there may be nuances of differences in the exact language. For example the modification provisions of section 46b-86 (a) are proceeded by the clause "[u]nless and to the extent that the decree precludes modification . . ." a limitation which is absent from section 46b-171 (a). Section 46b-86 (a) also includes the following clause: "In determining whether to modify a child support order based on a substantial deviation from such child support guidelines the court shall consider the division of real and personal property between the parties set forth in the final decree and the benefits accruing to the child as the result of such division." There is no such language in General Statutes § 46b-171 (a) or in other sections authorizing modification. Directing the court to consider the division of real and personal property in the final decree is applicable to a child support order arising from a dissolution of marriage but obviously is inapplicable to a paternity case or other support order relating to an out-of-wedlock child. CT Page 9368
The foregoing examples as well as the observation that both parties expended substantial energy briefing inapplicable sections illustrate the importance of citing the appropriate statutory section in the motion. The court agrees with the defendant that had the State complied with Practice Book § 10-3(a) the confusion might have been avoided.[10] This court need not decide as a matter of law that the practice rule is mandatory or that as a matter of law the motion should be stricken. It is sufficient to conclude that the correct citation is necessary to this particular motion. If the parties insist on arguing, they may as well at least argue about the correct statute.
The operative language of General Statutes § 46b-171 (a) provides: "Any order for the payment of support for any such child may at any time thereafter be set aside, altered or modified by any court issuing such order upon a showing of a substantial change in the circumstances of the defendant or the mother of such child or upon a showing that such order substantially deviates from the child support guidelines established pursuant to section 46b-215a, unless there was a specific finding on the record that the application of the guidelines would be inequitable or inappropriate. There shall be a rebuttable presumption that any deviation of less than fifteen percent from the child support guidelines is not substantial and any deviation of fifteen per cent or more from the guidelines is substantial." (emphasis added)
As stated earlier in this memorandum, paragraph 2 of the motion states the grounds for the motion as follows: "Since the above monetary orders were entered, there has been a substantial change in circumstances, dueto the fact that the existing current support order deviates from the Connecticut Child Support Guidelines by at least fifteen percent." (emphasis added) In short, the statute sets forth two distinct grounds for modification of a support order: substantial change of circumstances or substantial deviation from the guidelines. The State's motion intermingles and confuses the alternative grounds by combining them into a single basis for relief. Accordingly, because of a substantial lack of specificity in the motion which not only fails to cite the correct statutory basis but also confuses the alternative grounds for relief, paragraph 2 of the motion to modify is stricken.
 III
The defendant demands that the court order sanctions or costs against the State pursuant to Practice Book § 10-5.[11] The State pleads sovereign immunity.[12] The court finds it unnecessary to reach that issue. Even though the motion is ineptly drafted it is not made "without reasonable cause and found untrue." To the contrary, the support CT Page 9369 enforcement division has not only the authority but also the duty to initiate motions to modify if a request for review results in a determination that grounds may exist to seek a modification. Accordingly, the prayer for sanctions and costs is denied.
The State, if it intends to pursue the motion, shall plead over within fifteen days of this decision. Practice Book § 25-21. The resulting substitute motion and the defendant's pending motion to modify (#123.00) are set down for hearing on Friday, September 29, 2000 at 10:00 A.M. All parties and counsel are ordered to attend.
BY THE COURT
Harris T. Lifshitz Family Support Magistrate